# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 732 - 1,2 | **DATE** | 8/19/2004 |
| **CASE TITLE** | USA vs. Eduardo Favela, Aurora Alaya | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, an evidentiary hearing is necessary to determine whether Officer Guerra's identification of Alaya as the female he observed take the keys and drive off in the van containing marijuana should be suppressed. See United States v. Ienco, 92 F.3d 564, 567-69 (7th Cir. 1996). Enter Memorandum Opinion and Order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 20 2004 | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 123 |
| | Copy to judge/magistrate judge. | 2004 AUG 19 PM 2:10 | date mailed notice | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No: 03 CR 732 |
| | ) | |
| EDUARDO FAVELA, JR. and | ) | Judge John W. Darrah |
| AURORA ALAYA | ) | |

## MEMORANDUM OPINION AND ORDER

The United States of America (the "Government") brought a one-count indictment against Defendants, Eduardo Favela, Jr. and Aurora Alaya, for conspiring to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Defendants were found guilty of the charged offense. Thereafter, Alaya filed a Motion for Mistrial and a Motion for Judgment of Acquittal or, Alternatively, for a New Trial Pursuant to Federal Criminal Procedure Rules 29 and 33.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." "[T]he question whether to grant a new trial is committed to the discretion of the district judge," *United States v. Williams*, 81 F.3d 1434, 1437 (7th Cir. 1996), and will only be reversed if "there has been an error as a matter of law or a clear and manifest abuse of discretion." *United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989) (*Reed*).

Under Federal Rule of Criminal Procedure 52(a), "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Constitutional errors do not

affect substantial rights if they are harmless beyond a reasonable doubt. *Neder v. United States*, 527 U.S. 5, 7 (1999); *see also United States v. Thomas*, 321 F.3d 627, 635-37 (7th Cir. 2003) (explaining that errors affecting the outcome of district court proceedings affect substantial rights and mandate a new trial).

## BACKGROUND

Defendants were indicted for conspiring to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Thereafter, Alaya moved to suppress the identification testimony of Alaya by Drug Enforcement Agency Task Force Officer Roberto Guerra. Alaya claimed that Officer Guerra was shown a suggestive, single, color photo of Alaya, and this identification constituted an impermissible show-up.

Prior to trial, Officer Guerra was interviewed by Special Agent Joseph Moussiaux in the presence of Assistant United States Attorney Kevin Rosenberg concerning a controlled delivery in July 2000 of marijuana, which was in the back of a van driven by a confidential informant to a parking lot. According to Special Agent Moussiaux's written report of that interview, Officer Guerra did not see a female obtain the keys from the confidential informant or drive away in the van. Rather, Special Agent Moussiaux's report stated that Officer Guerra heard a female obtain the keys to the van while monitoring an electronic recording device.

The report further stated that Officer Guerra observed a female return the van to a drop-off point later in the day. The van did not contain any marijuana. Officer Guerra then followed the female as she entered her own vehicle and drove to her apartment. Officer Guerra took

2

pictures of the female, as well. He identified this female, who drove the empty van, as Alaya when shown a single, color photograph of Alaya by Special Agent Moussiaux during the interview.

At the time of the hearing on Alaya's motion to suppress, it was stipulated between the parties that if called to testify, Officer Guerra would have testified consistently with the report filed by Special Agent Moussiaux. (Tr., Jan. 20, 2004 at 6-7). Based on this, the Court found that there was a basis for Officer Guerra to identify Alaya, independent of the one photograph show-up, i.e., when Officer Guerra saw Alaya driving the empty van and subsequent thereto. There was no consideration of any other identification of Alaya by Officer Guerra, particularly as to whether Alaya was the person who earlier drove the van with marijuana from the parking lot.

The matter was tried before a jury two months later. Critically, Officer Guerra testified before the jury that he **saw** a female with black hair and a pink top take the keys from the confidential informant, back the van containing marijuana out of the parking spot at the restaurant, and drive away. Officer Guerra then identified Alaya as the female whom he observed driving the van containing marijuana on July 19, 2000. This testimony, over Defendants' objections, was contrary to Officer Guerra's statement in the Moussiaux report that he only **heard** a female receive the keys to the van. No pre-trial hearing was ever conducted on the issue of whether the testimony of Officer Guerra identifying Alaya as earlier driving the van containing marijuana should be suppressed.

No other witness at trial identified Alaya as the female involved during the July 19, 2000 surveillance operation.

## ANALYSIS

Alaya was convicted of conspiring to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Alaya seeks a judgment of acquittal, a new trial, or a mistrial. Alaya contends, *inter alia*, that it was an error to deny the motion suppressing her identification by Officer Guerra.

Based on the stipulation that Officer Guerra's testimony would be the same as his statement in the Moussiaux report, the hearing on the motion to suppress Alaya's identification did not consider the constitutionality of the later in-court identification by Officer Guerra. In short, no hearing on Alaya's motion was ever held in this regard, even though Alaya's motion challenged the constitutionality of all of Officer Guerra's in-court identification testimony of Alaya.

Officer Guerra's identification at trial of Alaya as the female he observed take the keys from confidential informant, back the van containing marijuana out of the parking spot at the restaurant, and drive away was critical to the Government's case, to say the least. As mentioned above, Officer Guerra was the only witness who identified Alaya in possession of the marijuana.

Based on the above, admitting this critical part of Officer Guerra's testimony without conducting a suppression hearing as properly requested may have affected substantial rights belonging to Alaya. This error cannot at this time be said to be harmless beyond a reasonable doubt and of no effect on the outcome of the trial. As such, Alaya was entitled to determine whether that identification was tainted by the show-up procedure used by the Government. *See, e.g., United States v. Favela*, 03 CR 732, 2004 WL 726123, at *3 (N.D. Ill. Apr. 2, 2004).

Accordingly, an evidentiary hearing is necessary to determine whether Officer Guerra's identification of Alaya as the female he observed take the keys and drive off in the van containing marijuana should be suppressed. *See United States v. Ienco*, 92 F.3d 564, 567-69 (7th Cir. 1996).

Dated: August 19, 2004

JOHN W. DARRAH
United States District Judge