UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No: 03 CR 732 |
| ) | |
| EDUARDO FAVELA, JR. and ) | Judge John W. Darrah |
| AURORA ALAYA ) | |

## MEMORANDUM OPINION AND ORDER

The United States of America (the "Government") brought a one-count indictment against Defendants, Eduardo Favela, Jr. and Aurora Alaya, for conspiring to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1). On April 1, 2004, after a trial by jury, Defendants were found guilty. Defendant Alaya filed a post-trial motion challenging the specific in-court identification of Alaya made at trial by Drug Enforcement Agency Task Force Officer Roberto Guerra; and, in a Memorandum Opinion and Order dated May 4, 2005, Defendants were granted a new trial.

Thereafter, Defendants filed a number of motions. Both Defendants seek a ruling on their motions for judgment of acquittal. Also presently before the Court are: (1) Alaya's Motion to Bar Second Prosecution; (2) Alaya's Motion for Production of Documents and Other Tangible Items; (3) Favela's Motion *in Limine* to Bar Part of the Testimony of the Government's Expert at Retrial of this Case; and (4) Favela's Motion to Reconsider the Denial of His Motion to Suppress Identification of Officer Roberto Guerra.

## ANALYSIS

*Defendants' Motion for Judgment of Acquittal*

Motions for judgment of acquittal should only be granted when "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). A defendant "faces a nearly insurmountable hurdle [because courts] consider the evidence in the light most favorable to the Government, defer to the credibility determination of the jury, and overturn a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Blassingame*, 197 F.3d 271, 284 (7th Cir. 1999) (quoting *United States v. Moore*, 115 F.3d 1348, 1363 (7th Cir. 1997). Thus, in viewing the evidence in the light most favorable to the Government, if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," a defendant's motion for judgment of acquittal should be denied. *United States v. Benjamin*, 116 F.3d 1204, 1206 (7th Cir. 1997).

Under 21 U.S.C. § 841(a)(1), it is unlawful to knowingly "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Under 21 U.S.C. § 846, the penalties of § 841 are extended to those who conspire or attempt to commit an offense under § 841. *United States v. Patterson*, 348 F.3d 218, 228 (7th Cir. 2003) (*Patterson*). "A conspiracy under 21 U.S.C. § 846 requires that (1) two or more people agreed to commit an unlawful act and (2) the defendant knowingly and intentionally joined in the agreement. No overt act is required." *Patterson*, 348 F.3d at 225 (citation omitted). To demonstrate an agreement existed, the government may rely on inferences and circumstantial evidence. *Patterson*, 348 F.3d at 225-26 (citations omitted).

Favela argues that there was insufficient evidence to sustain his conviction. However, at trial, the Government introduced evidence consisting of: (1) Detective Fernando Carvajal's observation that a male Hispanic, who Detective Carvajal identified as Favela, was carrying boxes of marijuana; (2) Officer Geoffrey Farr's and Officer Jeff Werniak's testimonies identifying Favela as the driver of an sport utility vehicle which drove behind another automobile that was transporting narcotics; and (3) Drug Enforcement Agency Special Agent Nancy Evans's testimony that marijuana traffickers use escort vehicles driven by trusted persons to follow vehicles carrying narcotics. Based on the above, when viewed in the light most favorable to the Government, the Government presented evidence, from which the jury could find guilt beyond a reasonable doubt, that Favela joined with others with the intent to distribute or possess marijuana and that Favela knowingly participated in an agreement to commit this unlawful act.

Alaya also argues that, without the suppressed identification of Alaya by Officer Guerra, there was insufficient evidence to support her conviction. In support of this argument, Alaya contends that the ruling for a new trial stated circumstantial evidence alone was not sufficient to support a conviction. However, that statement was made in the context of considering a motion for a new trial, which is governed by a different legal standard than a motion for judgment of acquittal.

Even without the suppressed identification of Alaya, the Government adduced at trial that: (1) Detective Carvajal observed a five-foot-three-inch "chubby" Hispanic female with light brown hair – a description similar to Alaya's appearance – take the keys to the van containing marijuana from the confidential informant; (2) the smell of the marijuana in the van was noticeable, and there was no division between the passenger compartment and the cargo

3

compartment of the van; (3) Officer Roberto Guerra observed a female, whom he identified as Alaya, return the van to a restaurant parking lot; and (4) pictures, which were taken on the day of the marijuana delivery, identifying Alaya and the clothing she was wearing. Accordingly, when viewed in the light most favorable to the Government, the Government presented evidence, from which the jury could find guilt beyond a reasonable doubt, that Alaya joined with others with the intent to distribute or possess marijuana and that Alaya knowingly participated in an agreement to commit this unlawful act.

*Alaya's Motion to Bar Second Prosecution*

Alaya contends that a retrial is barred by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution that provides "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." Improperly admitted evidence does not bar a retrial on double jeopardy grounds. *United States v. Rogers*, 387 F.3d 925, 935 (7th Cir. 2004). Because Alaya's motion for a judgment of acquittal has been denied, jeopardy has not attached; and her Motion to Bar Second Prosecution is denied.

*Alaya's Motion for Production of Documents and Other Tangible Items*

Alaya also seeks an order requiring the Government to produce: (1) all tape-recorded conversations and transcripts thereof the confidential informant had with Defendants in July 2000; (2) all reports and statements, written or oral, of all information the confidential informant provided to any person regarding the description of all persons the confidential informant met with or observed concerning the pick-up and delivery of marijuana in July 2000; and (3) complete copies of the two photographic line-ups provided to the confidential informant by Special Agent Moussiaux on October 25, 2000, as described in Special Agent Moussiaux's

4

report of October 30, 2000. The Government states that it has turned over all the requested discovery and will continue to comply with its discovery obligations. Therefore, Alaya's motion is granted; and the Government is ordered to continue to comply by delivering any additional material covered by this motion as it becomes known and available to the Government.

### *Favela's Motion* in Limine *to Bar Part of the Testimony of the Government's Expert at Retrial of this Case*

Favela seeks to bar part of the testimony of Drug Enforcement Agency Special Agent Nancy Evans. Specifically, Favela seeks to bar any testimony or argument regarding whether Special Agent Evans may opine if people assisting in the transportation of marijuana know they are transporting marijuana. Favela also seeks to bar the Government from arguing or inferring, based on Special Agent Evans's testimony, that Favela was recruited to participate in a drug conspiracy because he was trusted.

Favela contends that these areas of testimony, argument, and inferences violate Federal Rule of Evidence 704(b), which states that:

> No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

Favela also contends these areas violate Federal Rule of Evidence 403, which provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."

Evidence is excluded on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (*Hawthorne*).

> This court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. . . . Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. . . . Denial of a motion *in limine* [in this order] does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that, without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*.

*Hawthorne*, 831 F. Supp. at 1400-01 (internal citations omitted). Accordingly, Favela's motion *in limine* is denied without prejudice to raise the same objections at the appropriate time during trial. Failure to object during trial will be deemed a waiver of these objections.

### *Favela's Motion to Reconsider the Denial of His Motion to Suppress Identification of Officer Roberto Guerra*

Lastly, Favela seeks reconsideration of the denial of his motion to suppress his identification which was made by Officer Roberto Guerra. Favela argues that because Officer Guerra's testimony regarding the identification of Alaya was not credible, Officer Guerra's identification of Favela should also be subject to an evidentiary hearing. However, it was stipulated between the parties that if called to testify, Officer Guerra would have testified consistently with the report filed by Special Agent Moussiaux. (Tr., Jan. 20, 2004 at 6-7). Based on this stipulation, Favela – while still preserving his objection to the ultimate conclusion drawn from the facts – agreed that no evidentiary hearing was necessary to resolve the motion to suppress. (Tr., Jan. 20, 2004 at 7). In contrast to Officer Guerra's trial testimony regarding the

identification of Alaya, Officer Guerra's trial testimony regarding the identification of Favela was consistent with the report filed by Special Agent Moussiaux. Based on the above, Favela's motion to reconsider is denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motions for Judgment of Acquittal are denied, Alaya's Motion to Bar Second Prosecution is denied, Alaya's Motion for Production of Documents and Other Tangible Items is granted, Favela's Motion *in Limine* to Bar Part of the Testimony of the Government's Expert at Retrial of this Case is denied without prejudice to reassert at the time of trial, and Favela's Motion to Reconsider the Denial of His Motion to Suppress Identification of Officer Roberto Guerra is denied.

Date: September 8, 2005

JOHN W. DARRAH, Judge
United States District Court